**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEMETRICE DECKARD,** | § | |
| **#36595-509,** | § | |
| Movant, | § | |
| | § | |
| v. | § | **No. 3:24-cv-1722-E** |
| | § | **(No. 3:20-cr-559-E-2)** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Demetrice Deckard's ("Movant") pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion"). Doc. 1. The Government filed a response in opposition. Doc. 11. Upon careful review of the pleadings, the record, and the applicable law, the Motion is **DENIED**.

## I.    BACKGROUND

For about 17 years, Movant conspired with co-defendant Anthony Johnson and others to recruit, handle, and maintain control over victims (one of whom was a juvenile) for Johnson's human trafficking organization (HTO). Crim. Doc. 386, Presentence Report ("PSR") ¶¶ 13-14.[1] The purpose of the Johnson's HTO was to force victims to travel throughout the United States to engage in commercial sex and steal from their customers. PSR ¶ 14.

In 2021 and 2022, Movant was charged with Johnson and others in four superseding indictments. The latter charged Movant with (1) Conspiracy to Engage in Sex Trafficking by Force, Fraud and Coercion, (2) Sex Trafficking Through Force, Fraud, and Coercion, and (3) Travel Act-Facilitate Prostitution. Crim. Doc. 215. Pursuant to a plea agreement, Movant

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Deckard*, 3:20-CR-559-E-2. And all "Doc." citations refer to this § 2255 case.

pleaded guilty to Conspiracy to Engage in Sex Trafficking by Force, Fraud and Coercion in violation of 18 U.S.C. § 1594(c) (Count 1).  Crim. Doc. 297.  The government agreed to dismiss all remaining counts and to recommend a sentence of 180 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  Crim. Doc. 297 at 3, 5.

The PSR calculated Movant's guideline range at 360 months to life based on a total offense level of 37 and a criminal-history category of VI.  PSR ¶ 191.  The Government later moved for a downward departure pursuant to U.S.S.G. § 5K1.1, asking that Movant be sentenced to 120 months in light of her substantial assistance.  Crim. Doc. 480 at 6 (Sentencing Tr.).  The court agreed and sentenced Movant to 120 months' imprisonment on June 21, 2023.  Crim. Doc. 445.  Movant did not appeal.

Through counsel, Movant filed this timely § 2255 motion raising one claim of ineffective assistance of counsel for failing to investigate.  Doc. 1 at 7.  She asserts counsel failed to investigate whether the "alleged Adult Victims were not held against their will, but in fact were able to leave the Johnson HTO whenever they wished."  Doc. 1 at 7.  The Government opposes § 2255 relief.  Doc. 11.  Movant did not file a reply.

## II.     LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  *Id.*, 466 U.S. at 697; *see also*

Page **2** of **8**

*United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and the defendant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686).  Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.  Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  Additionally, to demonstrate prejudice in the context of a guilty plea, the movant bears the burden of proving that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### III.    ANALYSIS

Faced with significant evidence against her and the possibility of being sentenced to life imprisonment, Movant accepted the Government's favorable offer to plead guilty to Count One of the Fourth Superseding Indictment, which charged her with conspiracy to engage in sex trafficking by force, fraud, and coercion.  This reduced her sentencing exposure to 180 months based on the Government's recommended sentence under Rule 11(c)(1)(B).  Crim. Doc. 386-1 at 21, PSR ¶ 191.  The Government also moved for a downward departure because of Movant's substantial assistance and requested that she be sentenced to 120 months instead of the 180 months initially recommended in the plea agreement.  The court concurred and imposed a 120-

month term of imprisonment.  Crim. Doc. 480 at 56-57; Crim. Doc. 480 at 58 ([T]his is a really

complicated case, the defendant is both a victim and an offender.  She had a very hard life

growing up.  But I've got to balance her hard life and her circumstances with the need to protect

society, and balance her role in a human trafficking organization where she arranged for travel,

recruited and trained human trafficking victims and collected sex work proceeds.").

Dissatisfied with her sentence, Movant now asserts that counsel Scottie Allen rendered

ineffective assistance in failing to investigate whether the "alleged Adult Victims were not held

against their will, but in fact were able to leave the Johnson HTO whenever they wished."  Doc.

1 at 7.  Movant relies on selected excerpts from the grand jury transcripts to argue that some

victims actually were able to leave the house.  Doc. 4 at 6; Doc. 4-1 at 1.  She states that she

shared this information with Allen but he declined to investigate.  Doc. 4 at 7; Doc. 4-1 at 1.

Movant maintains that the selections from the grand jury transcript "discredit the notion that she

conspired to use 'force, threats of force, fraud, or coercion' against the victims" and establish

that Allen's decision to forgo an investigation "was not based in fact and . . . unreasonable."

Doc. 4 at 7.  She believes that "[h]ad Allen properly investigated, he would have been able to

find out this same information and would have been in a better position."  Doc. 4 at 7.

Movant also argues that she was prejudiced by Allen's refusal to investigate her claim.

Doc. 1 at 7; Doc. 4 at 7; Doc. 4-1 at 1 (Movant's Declaration).  Specifically, she contends that

"she would have went [sic] to trial if Attorney Allen had engaged in a proper investigation and

retrieved the information listed" in her brief.  Doc. 4 at 7; *see also* Doc. 4-1 ("Had Mr. Allen

investigated my claims I would have taken my case to trial."); Doc. 1 at 7 (same).

Page **4** of **8**

First, Movant's claim is too conclusory to support relief. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Simply stated, Movant must show that the expected evidence would have been significant and favorable to her defense. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Movant has done none of that. She selectively presents favorable evidence from the grand jury transcripts while ignoring contrary information. And apart from her self-serving affidavit, Movant does not articulate, how any of the expected evidence would have helped her defense or impacted her decision to plead guilty. *See Guerrero v. United States*, No. SA-20-CV-1181-XR, 2021 WL 1146006, at *3 (W.D. Tex. Mar. 24, 2021) (explaining that no relief was available when a movant failed to specify what the undisclosed discovery was or how the failure to disclose it affected his decision to plead guilty); *White v. United States*, No. 5:24cv43-H (N.D. Tex. Aug. 29, 2025) (finding movant's allegations were conclusory because he did not "articulate[] how any of the discovery materials would have made any difference in his determination to plead guilty" and, "[g]iven the specially egregious facts of this case, it is hard to conceive what else might have been discovered that would have caused counsel to change his advice").

Second, Movant's claim fails on the deficient-performance prong. "In general, 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *United States v. Scott*, 11 F.4th 364, 370 (5th Cir. 2021) (citations omitted). "While 'strategic choices made after thorough investigation of law and facts ... are virtually unchallengeable,' those 'made after less than complete investigation are

reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Id.* (quoting *Strickland* , 466 U.S. at 690-91).

Here, Movant pleaded guilty to conspiracy to engage in sex trafficking by force, fraud, and coercion.  Contrary to Movant's speculations, the Government did <u>not</u> have to establish that she used "force, threats of force, fraud, or coercion" to prevent the victim(s) from leaving "the house."  Doc. 4 at 7.  Instead, the Government was required to prove that Movant used "force, threats of force, fraud, coercion ... or any combination of such means" to cause the victims "to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1); *see also* Crim. Doc. 296 at 2 (Factual Resume); Crim. Doc. 479 at 8-9 (Rearraignment Tr.).  Thus, Movant's conjecture that the victims were "able to leave" the house on occasions is immaterial and in no way undercuts her guilty plea.  Counsel's decision to forgo an investigation on whether the victims were able to leave "the house" was therefore reasonable strategy.

Third, Movant fails to demonstrate prejudice—that but for her counsel's failure to investigate, she would not have pleaded guilty and would have insisted on going to trial.  *See Hill*, 474 U.S. at 59.  Apart from her self-serving affidavit, Movant's declaration is wholly unsupported and conclusory.  It is also belied by the record.  At her rearraignment, Movant admitted under oath that she understood the elements of the offense to which she was pleading guilty and confirmed that she had committed all the essential elements of that offense, which are also listed in her signed factual resume.  Crim. Doc. 479 at 8-9; Crim. Doc. 296 at 1-2.  Movant also affirmed that she was satisfied with Allen's representation and advice to plead guilty.  Crim. Doc. 479 at 10.  And Movant did not waver in her plea during the sentencing hearing.  Indeed, at

sentencing, she voiced no object about her plea, asked for mercy, apologized to the court, thanked the agents and prosecutors, and accepted her guilt.  Crim. Doc. 480 at 49-50.

Further, Movant's § 2255 motion presents only self-serving, *post hoc* assertions—not "contemporaneous evidence"—that she would not have pleaded guilty and would have gone to trial but for counsel's supposed failure to investigate.  Simply stated, Movant presents no contemporaneous evidence that she would have forgone the very favorable plea and proceeded to trial, where she would have risked (1) a conviction considering the significant evidence, (2) a sentence of 360 months to life in prison, and (3) an additional five-year statutory minimum for the facilitating prostitution charge.  PSR ¶ 193.  *See Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" but "should [] look to contemporaneous evidence to substantiate a defendant's expressed preferences."); *see also United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) ("self-serving post hoc assertions about how [the defendant] would have pled" do not negate contemporaneous comments at the plea hearing).

In sum, Movant has not met her burden to show that Allen's decision to forgo an investigation "was unreasonable under prevailing professional norms and that [his decision] was not sound strategy."  *Kimmelman v. Morrison*, 477 U.S. 365, 381 (5th Cir. 1986) (citing *Strickland*, 466 U.S. at 688–89); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (citation omitted).  Movant also has not satisfied *Strickland*'s prejudice prong.  Thus, her claim of ineffective assistance of counsel fails.

## IV.    EVIDENTIARY HEARING

Movant requests an evidentiary hearing "to determine the issues and determine credibility" in her case.  Doc. 4 at 7.  However, "[w]hen the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing."  *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008) ("Once … independent evidence is presented, '[a] motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992))).

As detailed here, Movant's ineffective-assistance claim lacks merit for reasons wholly supported by the record.  *Cf. Cavitt*, 550 F.3d at 442 (remanding for evidentiary hearing because videotape evidence constituted "independent indicium of the likely merit of [movant's] claims" of ineffective assistance of counsel); *see also United States v. Allen*, 918 F.3d 457, 461 (5th Cir. 2019) (remanding for evidentiary hearing because there was "some indication that the government did not discharge its burden" of informing district court of defendant's cooperation in the murder investigation).  Consequently, an evidentiary hearing is not required here.

## V.    CONCLUSION

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 10th day of April, 2026.

Ada Brown
UNITED STATES DISTRICT JUDGE